UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLIS COREY GARNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:19-cv-02072-TWP-DML |
| BRADLEY SMITH, | ) ) ) |
| Defendant. | ) |

**ENTRY GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant Bradley Smith ("Trooper Smith") (Dkt. 9). *Pro se* Plaintiff Nicholas Corey Garner ("Mr. Garner"), filed this civil action in *forma pauperis*, under 42 U.S.C. § 1983 alleging Trooper Smith violated his Fourth Amendment rights. Trooper Smith moves to dismiss the claims arguing they are barred by the statute of limitations and they fail to state a claim against him. For the reasons stated below, the Court **grants** Trooper Smith's Motion to Dismiss.

### I. BACKGROUND

As required when reviewing a motion to dismiss, the court accepts as true the factual allegations in the complaint and draws all inferences in favor of plaintiff as the non-moving party. *See Bielanski v. County of Kane*, 550 F. 3d 632, 633 (7th Cir. 2008).

On September 15, 2012, Mr. Garner and his mother were pulled over for speeding in Indianapolis, Indiana. (Dkt. 1 at 6, ¶ 1.) During that stop, no traffic citation was issued, but it was discovered that the United States Secret Service had issued warrants for both Mr. Garner and his mother. *Id*. As a result, both were arrested on the scene, and Mr. Garner's vehicle was "driven to another location by some unknown officers and then immediately searched." *Id*. The unknown

officers who searched his vehicle pulled everything that was inside of the vehicle out of the vehicle and placed all of Mr. Garner's personal belongings outside on the ground. *Id*. On October 17, 2012, a criminal complaint for forfeiture was filed against Mr. Garner's vehicle in the Marion Superior Court, Cause No. 49D02-1210-MI-040345. *Id*. at ¶ 2. A judgment in favor of Mr. Garner ordering the return of his vehicle was issued by the state court judge on April 14, 2016. *Id*. at ¶ 3. Due to his incarceration, Mr. Garner was unable to pick up his vehicle himself. The vehicle was finally returned or around January 2018. *Id*. ¶ 4. When it was returned, the vehicle had been completely vandalized by the officers who had searched the vehicle. *Id*. The unknown officers who conducted the search broke the air conditioning vents, removed all paneling that was inside the vehicle, took the seats apart, and tore apart many other parts inside and outside the vehicle. *Id*. When the vehicle was returned, Mr. Garner's valuable personal items that were inside the vehicle—$40,000.00 in U.S. currency, one Evolis Pebble Printer, one laptop computer, four cell phones and a briefcase—were all missing. *Id*. at ¶ 5. Mr. Garner seeks monetary relief for the damage to his vehicle, as well as the missing cash and personal items. *Id*. at 8.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, the court must determine whether

the complaint contains sufficient factual matter, accepted as true to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The United States Supreme Court further explained that although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation(s) of the elements of a cause of action" are insufficient. *Id*. See *Bissessur v. Ind. Univ. Bd. of Trs*., 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

*Pro se* complaints such as that filed by Mr. Garner are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). However, it is also well established that *pro se* litigants are not excused from compliance with procedural rules. *Feresu v. Trs. of Ind. Univ.*, 2017 U.S. Dist. LEXIS 66452, at *18–19 (S.D. Ind. May 2, 2017) (citations and punctuation marks omitted).

### III.     DISCUSSION

Trooper Smith seeks dismissal for two reasons: first, he contends the applicable statute of limitations has run, and second: the Complaint fails to state a claim against him. The Court will address each contention in turn.

**A.     Statute of Limitations.**

"Because there is no federal statute of limitations for actions filed pursuant to § 1981, § 1983, and § 1985, courts apply the most appropriate state statute of limitations." *Sims v. Kernan,* 72 F. Supp. 2d 944, 948 (N.D. Ind. 1999) (citations omitted). Civil rights claims under Section 1983 borrow the state law limitation period for analogous tort claims. *Johnson v. Winstead*, et al.,

900 F.3d 428, 434 (7th Cir. 2018). "When the forum state has various statutes of limitations for different types of injury, a federal court must use the general period of limitation adopted by the state for personal-injury suits, which in Indiana is two years." *Miles v. Vanderburgh County Jail*, 335 Fed. Appx. 633 at *1 (7th Cir. 2009). An accrual analysis begins with "identifying 'the specific constitutional right' alleged to have been infringed." *Id*. (quoting *Manuel v. Joliet*, 137 S.Ct. 911, 920 (2017)). "That time (of accrual) is presumptively when the plaintiff has a complete and present cause of action, though the answer is not always so simple." *Id*. "Where, for example, a particular claim may not realistically be brought while a violation is ongoing, such a claim may accrue at a later date." *Id*.

Mr. Garner filed the instant Complaint on May 23, 2019. (Dkt. 1.) According to Trooper Smith, the statute of limitations clock began running on the day Mr. Garner's property was seized. Trooper Smith argues that in the case of an alleged tort or constitutional violation flowing from a police seizure, the statute of limitations begins to run when the police seize the property, not when an ancillary proceeding, such as forfeiture is conducted. Specifically, he argues the constitutional violation – the seizure of his property – occurred on September 15, 2012, thus the statute of limitations began to run on that date and tolled on September 15, 2014. In the alternative, if the Court determines the violation occurred on April 14, 2016, the date the forfeiture judgment was entered in his favor, the statute of limitation would have expired on April 14, 2018. Thus, Trooper Smith asserts under either scenario, the Court should dismiss the Complaint in its entirety with prejudice.

In response, Mr. Garner argues that although he prevailed on the state forfeiture action in April 2016, the vehicle was not returned until on or around January 2018. Due to his incarceration he could not pick up the vehicle himself and when the vehicle was finally returned in March 2019,

4

he discovered the constitutional violation on that date. (Dkt. 11 at 1.) Thus, the statute of limitations tolled in January 2020 and his Complaint was timely filed. Mr. Garner argues he did not learn of the alleged wrongdoing until March 6, 2019 when a family member received an email from legal counsel from the Indiana State Police that his property "was unlawfully turned over to the Secret Service" (*Id*. at 2 ¶ 5); he then filed suit two months later, on May 23, 2019.

The statute of limitations is an affirmative defense, and a complaint "need not anticipate defenses." *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 688 (7th Cir. 2004). Given the early procedural posture of this case, the Court is unable to pinpoint an exact accrual date for Mr. Garner's claim. As Trooper Smith highlights, Indiana is a "discovery rule state", where "the statute of limitations does not begin to run until the Plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as the result of the tortious act of another." *Estate of Verdak v. Butler University*, 856 N.E.2d 126, 133 (Ind. Ct. App. 2006) (citation and internal quotations omitted). Here, it is unclear exactly when Mr. Garner's conversion-based § 1983 claim came into existence. *See Cooper Industries, LLC v. City of South Bend*, 899 N.E.2d 1274, 1284 (Ind. 2009) ("a statute of limitation does not begin to run against a cause of action before that cause of action exists, *i.e.*, before a judicial remedy is available to the plaintiff") (citation and internal quotations omitted). Because the Court is unable to determine when the statute of limitations tolled at this stage of the proceedings, Trooper Smith's dismissal is not warranted with respect to the statute of limitations barring this action.

**B.** **Failure to State a Claim**

To state a cause of action under § 1983, a plaintiff must allege that a person deprived him of a federally protected right and that the person who caused the deprivation acted under a color

5

of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).[1] Color of law is an appearance of legal power to act that may operate in violation of the law. *Id* at 50.

Trooper Smith argues that Mr. Garner has pled himself out of court by his own words. In the Complaint, Mr. Garner alleges that "Bradley Smith violated the Plaintiff's fourth Amendment rights when he not only seized the Plaintiff's vehicle without probable cause, but also the Plaintiff's valuables that was [sic] inside of the Plaintiff's vehicle without probable cause and a warrant to do so." (Dkt. 1 at 5.) Mr. Garner admits that he and his mother were arrested after their names were run and it was discovered that they both had outstanding warrants for their arrest by the United States Secret Service. A law enforcement officer does not commit an "unreasonable" seizure under the Fourth Amendment when he arrests an individual based on probable cause. *Lopez v. City of Chicago*, 464 F.3d 711, 718 (7th Cir. 2006) (arrest is a "seizure" under the Fourth Amendment). In this regard, Mr. Garner has not alleged a probable cause violation because Trooper Smith had probable cause to arrest and seize both Mr. Garner and his mother pursuant to the outstanding warrants.

Mr. Garner has also failed to state a claim that Trooper Smith violated his Fourth Amendment rights by seizing his property. According to Mr. Garner, Trooper Smith initiated the traffic stop, completed the Media Summary Incident Report, and testified at the forfeiture hearing. (Dkt. 11 at 3, 4.) None of these acts amount to the alleged constitutional violation. Where he does mention a constitutional violation—the illegal search and seizure of his vehicle—he makes no mention of Trooper Smith. In fact, when addressing the alleged seizure and subsequent search, Mr. Garner states that his vehicle was "driven to another location by some unknown officers and then immediately searched." (Dkt. 1 at 6.) Mr. Garner further alleges that the "Secret Service just

---

[1] *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

took Plaintiff's property unlawfully…(,)" not Trooper Smith. (Dkt. 11 at 4, ¶ 7.) Mr. Garner's threadbare legal conclusion that Trooper Smith "seized Plaintiff's vehicle without probable cause and a warrant to do so" is insufficient to allege involvement on the part of Trooper Smith. *See Charleston v. Bd. of Trustees of Univ. of Illinois at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013) ("to state a claim for relief, a complaint must provide more than 'abstract recitations of the elements of a cause of action or conclusory legal statements'"). Accordingly, Trooper Smith's Motion to Dismiss for failure to state a claim is **granted**.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Trooper Smith's Motion to Dismiss, dkt. [9], and Mr. Garner's *pro se* Complaint is dismissed without prejudice, for failure to state a claim upon which relief may be granted. Mr. Garner shall have **through February 21, 2020** to amend his Complaint or to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If nothing is filed by the deadline, the dismissal will be granted with prejudice[2].

**SO ORDERED.**

Date: 1/28/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[2] Filing an amended complaint may be futile. In his request to stay these proceeding, Mr. Garner acknowledges that the property he seeks in this action is the subject of his proceedings in the Sixth Circuit *See* Dkt. 16. Therefore, his claim should likely be adjudicated in his criminal case.

DISTRIBUTION:

Nicholas Corey Garner, #10971-028
OAKDALE FEDERAL CORRECTIONAL INSTITUTE
P.O. Box 5000
Oakdale, Louisiana 71463

Bryan Findley
INDIANA ATTORNEY GENERAL'S OFFICE
bryan.findley@atg.in.gov

Mollie A. Slinker
INDIANA ATTORNEY GENERAL'S OFFICE
mollie.slinker@atg.in.gov